DAVID T. MALOOF (DM 3350)
THOMAS M. EAGAN (TE 1713)
MALOOF BROWNE & EAGAN LLC
411 Theodore Fremd Avenue - Suite 190
Rye, New York 10580
(914) 921-1200
*Attorneys for Plaintiff*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x

NIPPONKOA INSURANCE COMPANY
LIMITED – US BRANCH,

            *Plaintiff,*

    - against -

RAIL EXPRESS, INC. d/b/a REX
TRANSPORTATION COMPANY,

            *Defendant.*
----------------------------------------x

**07 CIV. 9579**

07 Civ.

**COMPLAINT**

**JUDGE SULLIVAN**

    Plaintiff, NipponKoa Insurance Company Limited – US Branch (hereinafter "NipponKoa" or "Plaintiff"), by its attorneys, Maloof Browne & Eagan LLC, for its Complaint, alleges on information and belief as follows:

    1.    All and singular the following premises are true and constitute claims arising under federal law within the meaning of 28 U.S.C. § 1331; and under an Act of Congress regulating commerce within the meaning of 28 U.S.C. §1337(a) and/or pursuant to the Carmack Amendment, codified at 49 U.S.C § 14706, and/or are supplemental claims to certain of the foregoing claims within the meaning of 28 U.S.C. § 1367.

    2.    At all material times, NipponKoa, was, and now is, a foreign corporation incorporated in and organized and existing under and by virtue of the laws of Japan with its primary U.S. office in

the state of New York, and was, at all material times, the insurer of Nippon Express U.S.A., Inc. ("Nippon Express")(not a party to this action).

3. Defendant Rail Express, Inc. d/b/a Rex Transportation Company (hereinafter "Rex" or "Defendant") is a corporation or other business entity incorporated in and organized and existing under and by virtue of the laws of the State of Illinois with its principal office and place of business located in Carson, California, and was and now is engaged in business as a common carrier of merchandise by Motor Vehicle.

4. Defendant runs routes through and thus can be found in and resides in this District within the meaning of 28 U.S.C. § 1391 (b)(1) and (c). Defendant thus does business in and thus resides in the same state within the meaning of said statute. Defendant is the delivering carrier and does business and operates trucks and routes throughout the 48 contiguous United States, including the State of New York and the area comprising the Southern District of New York.

5. Nippon Express is a transportation logistics company. On or about February 18, 2007, on behalf of Honda Trading Corporation, Nippon Express contracted with Rex to carry a shipment of trial automobile parts, then being in good order and condition (the "Shipment") from Los Angeles to Atlanta. Defendant Rex Transportation received and accepted the Shipment at Los Angeles, California, on or about March 1, 2007. In consideration of certain agreed freight charges thereupon paid or agreed to be paid, Defendant Rex Transportation further agreed to transport and carry the said Shipment to Talladega, Alabama and deliver same in like good order and condition. The carriage was described in a certain transportation document dated February 27, 2007.

6. Thereafter the Shipment was not delivered in like good order and condition as when

shipped, accepted, and received by Defendant. The Defendant failed to unload the Shipment, erroneously returned the Shipment in its original container to the loading yard and shipped said Shipment back to China not in accordance with Plaintiff's assured's instructions, all in violation of Defendant's obligations as a carrier.

7. As a result of the foregoing, Nippon Express incurred certain expenses and damages, including obtaining replacement parts via air carriage. NipponKoa has paid these expenses and damages.

8. Plaintiff and its assured have performed all conditions on its part to be performed.

9. By reason of the foregoing, Plaintiff has sustained damages, as nearly as can now be estimated, no part of which has been paid although duly demanded, in a sum estimated to be up to or exceeding U.S. $75,000.

## FIRST CAUSE OF ACTION

### BREACH OF CONTRACT AND/OR DUTIES UNDER THE CARMACK AMENDMENT

10. Plaintiff incorporates herein by reference the allegations of paragraphs 1 - 9 above.

11. By reason of the foregoing, Defendant was a carrier of merchandise under the contract and within the meaning the Carmack Amendment, 49 U.S.C § 14706, and breached its duties as a carrier under that law and under the contract of carriage.

12. By reason of the foregoing, Defendant has caused damage to Plaintiff in an amount, as nearly as can now be estimated, up to or exceeding U.S. $75,000.

## SECOND CAUSE OF ACTION

### **BREACH OF BAILMENT OBLIGATIONS**

13. Plaintiff incorporates herein by reference the allegations of paragraphs 1 - 12 above.

14. The Defendant was acting as a bailee of the Shipment at the time Defendant failed to unload said Shipment onto Defendant's truck. The Defendant thereby, or through its contractors, agents, servants or sub-bailees, warranted and had a legal duty to safely keep, care for and deliver the said Shipment in the same condition as when entrusted to it and to perform its services as bailee or to ensure that those services were performed with reasonable care and in a non-negligent and workmanlike manner. The Defendant breached those bailment obligations and negligently failed to deliver to Plaintiff, or its designees, the Shipment.

15. By reason of the foregoing, the Defendant has caused damage to Plaintiff in an amount, as nearly as can now be estimated, up to or exceeding U.S. $75,000.

## THIRD CAUSE OF ACTION

### **NEGLIGENCE**

16. Plaintiff incorporates herein by reference the allegations of paragraphs 1 - 15 above.

17. The Defendant, by its negligence, failed to deliver the Shipment. The Defendant therefore negligently failed to deliver the Shipment pursuant to Plaintiff's instructions in as good condition as when entrusted to it.

18. By reason of the foregoing, Defendant has caused damage to Plaintiff in an amount, as nearly as can now be estimated, up to or exceeding U.S. $75,000.

WHEREOF, Plaintiff prays:

1. That process in due form of law may issue against the Defendant citing it to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendant on each of the Causes of Action for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action;

3. That this Court will grant to Plaintiff such other and further relief as may be just and proper.

Dated: Rye, New York
       October 24, 2007

MALOOF BROWNE & EAGAN LLC

By: _____
David T. Maloof (DM 3350)
Thomas M. Eagan (TE 1713)
411 Theodore Fremd Ave., Suite 190
Rye, NY 10580
Tel: (914) 921-1200
Fax: (914) 921-1023
Email: dmaloof@maloofandbrowne.com
teagan@maloofandbrowne.com

*Attorneys for Plaintiff*