Barry N. Gutterman, Esq. (BG6410)
Robert Briere, Esq. (RB6080)
Barry N. Gutterman & Associates, P.C.
Attorneys for Defendant Rail Express, Inc.
d/b/a REX Transportation Company
60 East 42nd Street, 46th Floor
New York, New York 10165
(212) 983-1466

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------X
NIPPONKOA INSURANCE COMPANY
LIMITED – US BRANCH,

                Plaintiff,

v.

RAIL EXPRESS, INC. d/b/a/ REX TRANSPORTATION
COMPANY,

                Defendant.
---------------------------------------------------------------------------

ECF CASE

07 CIV 9579 (Judge Sullivan)

**ANSWER AND AFFIRMATIVE DEFENSES
OF DEFENDANT RAIL EXPRESS, INC.
D/B/A REX TRANSPORTATION COMPANY'S
<u>ANSWER AND AFFIRMATIVE DFEENSES</u>**

    Defendant Rail Express, Inc. d/b/a REX Transportation Company ("REX") by its attorneys Barry N. Gutterman & Associates, P.C., for its Answer and Affirmative Defenses to the Complaint, alleges upon information and belief:

  1.    REX denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 1 of the Complaint and therefore denies same and leaves plaintiff to its proof.

  2.    REX denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 2 of the Complaint and therefore denies

       same and leaves plaintiff to its proof.

3. REX admits the allegations contained in paragraph 3 of the Complaint, except as to the allegation that REX acted as a common carrier of merchandise by motor vehicle, REX denies this allegation.

4. REX denies he allegations contained in paragraph 4 of the Complaint.

5. REX denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 5 of the Complaint and therefore denies same and leaves plaintiff to its proof.

6. REX denies the allegations contained in paragraph 6 of the Complaint.

7. REX denies the allegations contained in paragraph 7 of the Complaint.

8. REX denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 8 of the Complaint and therefore denies same and leaves plaintiff to its proof.

9. REX denies the allegations contained in paragraph 9 of the Complaint.

10. REX repeats and realleges its responses to paragraphs 1-9 of the Complaint as its response to paragraph 10.

11. REX denies the allegations contained in paragraph 11 of the Complaint.

12. REX denies the allegations contained in paragraph 12 of the Complaint.

13. REX repeats and realleges its responses to paragraphs 1-12 of the Complaint as its response to paragraph 13.

14. REX denies the allegations contained in paragraph 14 of the Complaint.

15. REX denies the allegations contained in paragraph 15 of the Complaint.

16. REX repeats and realleges its responses to paragraphs 1-15 of the Complaint as its response to paragraph 16.

17. REX denies the allegations contained in paragraph 17 of the Complaint.

18. REX denies the allegations contained in paragraph 18 of the Complaint.

## AS AND FOR A
## FIRST AFFIRMATIVE DEFENSE

19. REX is not responsible for any damage to the shipment caused by the improper loading of plaintiff.

## AS AND FOR A
## SECOND AFFIRMATIVE DEFENSE

20. REX has no liability to plaintiff as REX acted only as property broker with regard to the shipment.

## AS AND FOR A
## THIRD AFFIRMATIVE DEFENSE

19. If the shipment referred to in the Complaint suffered any loss, damage, or delay, which is herein expressly denied, such loss, damage or delay was caused by parties over whom REX had no control.

## AS AND FOR A
## FOURTH AFFIRMATIVE DEFENSE

20. To the extent that plaintiff failed to meet the minimum filing requirements of filing a proper written claim within the time prescribed, this lawsuit is time barred.

## AS AND FOR A
## FIFTH AFFIRMATIVE DEFENSE

21.    To the extent that plaintiff failed to file suit within the period prescribed, this lawsuit is time barred.

## AS AND FOR A
## SIXTH AFFIRMATIVE DEFENSE

22.    In the event that said shipment moved subject to any statutory or contractual limitations of liability, either specifically agreed to or contained in any applicable tariffs and/or governing publications, the plaintiff may not recover in excess of such limitations.

## AS AND FOR A
## SEVENTH AFFIRMATIVE DEFENSE

23.    The Complaint fails to state a claim against REX upon which relief can be granted.

Wherefore, defendant Rail Express, Inc. d/b/a REX Transportation Company hereby demands judgment:

    (A)    Dismissing the Complaint against it, with prejudice, together with attorneys fees and costs;

    (B)    For such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       November 29, 2007

           By: /s/ Barry Gutterman
           Barry N. Gutterman, Esq. (BG-6410)
           Robert Briere, Esq. (RB6080)
           Barry N. Gutterman Associates, P.C.
           60 East 42nd Street, 46th Floor
           New York, New York, 10165
           (212) 983-1466

           Attorneys for Defendant
           Rail Express, Inc.
           d/b/a REX Transportation Company

TO:   David T. Maloof (DM 3350)
      Thomas M. Eagan (TE 1713)
      Maloof Brown & Eagan LLC
      411 Theodore Fremd Avenue
      Suite 190
      Rye, New York 10580
      (212) 921-1200

      Attorneys for Plaintiff

REX2810.AAD